UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Joanne Edmonds Jackson,                     )
                                            )
              Plaintiff,                    )
                                            )        Case: 1:15-cv-01819   F Deck
       v.                                   )        Assigned To : Unassigned
                                            )        Assign. Date : 10/26/2015
United States of America,                   )        Description: Pro Se Gen. Civil
                                            )
              Defendant.                    )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and

application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis*

application and dismiss the case because the complaint fails to meet the minimal pleading

requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*,

656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires

complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction

[and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355

F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair

notice of the claim being asserted so that they can prepare a responsive answer and an adequate

defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75

F.R.D. 497, 498 (D.D.C. 1977).

1



Plaintiff is a resident of Temple Hills, Maryland, suing the United States.  She seeks $200

million for defamation of character, but the wide-ranging narrative comprising the complaint

fails to provide adequate notice of a defamation claim.  In addition, it is unknown whether

plaintiff has pursued, let alone exhausted, her administrative remedies under the Federal Tort

Claims Act by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C.

§ 2675.  And the FTCA's exhaustion requirement is jurisdictional.  *See Abdurrahman v.*

*Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir.  2005) (per curiam) (affirming the district court's

dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *accord Simpkins*

*v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007).  Hence, this case will be

dismissed.  A separate order accompanies this Memorandum Opinion.

Date:  October ____, 2015

_____
United States District Judge